
RECEIVED
IN MONROE, LA

NOV 3 - 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES | CRIM. ACTION NO. 07-30037 |
| VERSUS | JUDGE ROBERT G. JAMES |
| TANYA MARIE SMITH | MAG. JUDGE KAREN L. HAYES |

## RULING

Defendant Tanya Marie Smith ("Smith") has moved for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. For the following reasons, Smith's Motion for Judgment of Acquittal [Doc. No. 50] is DENIED.

### I.    Procedural History

Smith was charged by the grand jury with four substantive counts[1]: (1) Count One-conspiracy to possess firearms by convicted felons, in violation of 18 U.S.C. § 371; (2) Count Two-possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 2; (3) Count Three-possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k)(1), 924(a)(1)(B), and 2; and (4) Count Four-possession of an unregistered short-barreled shotgun, in violation of 26 U.S.C. §§ 5841, 5845(a), 5861(d), and 5871 and 18 U.S.C. § 2.

On October 19, 2007, Smith made an initial appearance and was arraigned before Judge Hayes pursuant to a writ of habeas corpus ad prosequendum. Smith plead not guilty to all counts.

---

[1] The Government asserts forfeiture allegations against Smith in Counts Five and Six.

Smith was tried by a jury on September 29, 2008-October 1, 2008.

At the conclusion of the Government's case, Smith made a timely Rule 29 Motion for Judgment of Acquittal. At that time, the Court denied Smith's Rule 29 Motion.

The case was submitted to the jury, which found Smith guilty on Counts One, Two, Four, but not guilty on Count Three.

On October 8, 2008, Smith filed an Unopposed Motion for a 10-Day Extension of Time to File Rule 29 Motion [Doc. No. 48]. On October 9, 2008, the Court granted Smith's Motion, extending time for her to file a renewed Rule 29 motion. [Doc. No. 49].

On October 20, 2008, Smith timely filed a Motion for Judgment of Acquittal [Doc. No. 50], challenging her conviction on Counts One and Four.

On October 22, 2008, the Government filed a Response to Defendant's Motion for Judgment of Acquittal [Doc. No. 51].

## II.   Law and Analysis

Smith seeks a judgment of acquittal on Counts One and Four of the Indictment based on the insufficiency of evidence at trial.

Rule 29 of the Federal Rules of Criminal Procedure provides as follows:

> The court on motion of a defendant or its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses.

FED. R. CIV. P. 29. When deciding whether to grant a Rule 29 motion for judgment of acquittal, the Court must "consider the evidence, all reasonable inferences drawn from it and all credibility determinations in the light most favorable to the government, and [determine] if a reasonable jury

2

could find the offense's essential elements beyond a reasonable doubt." *United States v. Medina*, 161 F.3d 687, 872 (5th Cir. 1998); *see also United States v. Rena*, 981 F.2d 765, 771 (5th Cir. 1993). "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilty," but the Government "must do more than pile inference upon inference." *United States v. Maseratti*, 1 F.3d 330, 337 (5th Cir. 1993) (citations omitted).

### A.  Insufficiency of the Evidence as to Count One

Smith was charged in Count One of the Indictment as follows:

### A.  The Conspiracy

[O]n or about August 5, 2007, and continuing until August 10, 2007, in the Western District of Louisiana and elsewhere, the Defendant, TANYA MARIE SMITH, and others, both known and unknown to the Grand Jury, knowingly and willfully did conspire, confederate and agree together with each other to commit an offense or offenses against the United States of America, to wit: Title 18, United States Code,

Section 922(g); that is, the possession of firearms by convicted felons.

### B.  Overt Acts

In furtherance of the conspiracy and to effect the object thereof, the Defendant performed or caused to be performed the following overt acts, among others, in the Western District of Louisiana and elsewhere:

The allegations contained in Counts Two, Three and Four of this Indictment are alleged and incorporated as though fully set forth herein as separate overt acts.

The conspiracy set forth herein and the above described overt acts, all being in violation of Title 18, United States Code Section 371. [18 U.S.C. § 371].

Smith argues that the evidence showed only that she and her boyfriend, Dennis Clem

3

("Clem"), associated together, not that they, being convicted felons, conspired to possess firearms.

To establish Smith's guilt for the conspiracy charged in Count One of the Indictment, the Government must have proved beyond a reasonable doubt that (1) Smith and at least one other person made an agreement to commit the crime of possession of firearms by a convicted felon; (2) that Smith knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and (3) that at least one of the conspirators knowingly committed at least one of the overt acts described in the Indictment, in order to accomplish some object or purpose of the conspiracy. Fifth Circuit Jury Instruction (Criminal) § 2.20.

The Government submitted evidence that Smith previously engaged in criminal conduct with Clem and had been warned by two different United States probation officers not to associate with him again. She had also been warned that she should not be near weapons. Despite these warnings, she not only associated with Clem, but fled supervised release by leaving Texas. Smith actually drove the car from Texas to Louisiana with Clem as a passenger. The guns at issue in this case, including the short-barreled shotgun, were located behind the driver's seat. According to the testimony of Clem's uncle, William Matthews, and Clem's friend and former jailmate, Donald Brendle ("Brendle"), Smith routinely drove this car.

Given this testimony and the other evidence adduced at trial, the Court finds that the jury's verdict on Count One is supported by sufficient evidence.

**B.    Insufficiency of the Evidence as to Count Four**

Smith was charged in Count Four of the Indictment as follows:

On or about August 10, 2007, in the Western District of Louisiana, the Defendant,

TANYA MARIE SMITH, did knowingly possess a firearm, to wit: a weapon made from a shotgun with a barrel of less than 18 inches in length, being a Remington, model 1100, 12 gauge shotgun, bearing serial number L6385538V, not registered to her in the National Firearms Registration and Transfer Record, all in violation of Title 26, United States Code, Sections 5841, 5845(a), 5861(d), and 5871 and Title 18, United States Code, Section 2.

Smith argues that the evidence was insufficient to sustain her conviction on Count Four for possession of a short-barreled shotgun because her DNA was not found on the shotgun, and the shotgun was located on the backseat floorboard under a blanket or cloth.

To establish Smith's guilt on this charge, the Government must have shown (1) that she knowingly possessed a firearm; (2) that the firearm was a shotgun having a barrel of less than 18 inches in length; (3) that she knew of the characteristics of the firearm, i.e., that it was a shotgun having a barrel of less than 18 inches in length; (4) that this firearm was in operating condition; and (5) that this firearm was not registered to Smith in the National Firearms Registration and Transfer Record. Fifth Circuit Jury Instruction (Criminal) § 2.94. It does not matter whether Smith knew that the firearm was not registered or had to be registered. Fifth Circuit Jury Instruction (Criminal) § 2.94.

Smith's argument suggests that in order to sustain her conviction, the Court must find that she actually touched the shotgun. That is not the law. Rather, Smith had to knowingly **possess** the shotgun. Possession, as stated in the jury instructions, can be actual or constructive, and can be joint. "To convict based on constructive possession, the Government must present 'some evidence supporting at least a plausible inference that the defendant had knowledge of and access to the weapon.'" *United States v. Williamson*, 170 Fed.Appx. 889, 890, 2006 WL 657026, at *1 (5th Cir. Mar. 16, 2006) (quoting *United States v. Mergerson*, 4 F.3d 337, 349 (5th Cir.1993),

5

*cert. denied*, 510 U.S. 1198 (1994)). While there is no doubt that Clem actually possessed the the firearms, the Government's evidence also supported at least a plausible inference that Smith constructively possessed the firearms located behind the seat of the car she was driving, including the short-barreled shotgun.

Further, Brendle testified at trial that he went with Smith and Clem to Brendle's family property in Oak Ridge, Louisiana. When they arrived at the property, Clem removed some of the firearms, including the short-barreled shotgun, from the car. Thus, Smith cannot plausibly suggest that she was unaware that the shotgun was in the car with her.

The Court finds that the evidence adduced at trial is sufficient to support Smith's conviction on Count Four.

**III. Conclusion**

For the foregoing reasons, the Court finds no error in the jury's conviction of Smith on Counts One and Four, and Smith's Motion for Judgment of Acquittal [Doc. No. 50] is DENIED.

MONROE, LOUISIANA, this __3__ day of __November__, 2008.

ROBERT G. JAMES
UNITED STATES DISTRICT COURT